IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JACKSON SHERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON SHERRY,<br><br>              Plaintiff,<br><br>vs.<br><br>AMERICAN ASSETS TRUST, INC., a Maryland corporation; and AAT DEL MONTE, LLC, a Delaware limited liability company,<br><br>              Defendants. | **Case No.** 23-2648<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

JACKSON SHERRY ("Plaintiff") complains of defendants AMERICAN ASSETS TRUST, INC., a Maryland corporation; and AAT DEL MONTE, LLC, a Delaware limited liability company ("Defendants") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Del Monte Shopping Center" located at or about 1410 Del Monte Center, Monterey, California ("Del Monte Center" or the "Mall"). During his visits to Del Monte Center, Plaintiff repeatedly encountered accessibility barriers because the Mall's parking and paths of travel are inaccessible to wheelchair users, including Plaintiff.

2. Defendants' lack of accessible facilities denied and continue to deny "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to Del Monte Center and has been embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

5.     **Intradistrict Assignment:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

6.     Plaintiff is and at all times relevant here was an individual with a physical disability within the meaning of the ADA and California law. Plaintiff is a disabled person resulting from a spinal cord injury that he suffered because of a car accident. He cannot walk and relies on a manual wheelchair for mobility. He also owns a disabled licensed vehicle and has been issued a California state placard for disabled parking, which entitles him to park in a properly configured disabled accessible parking spaces. Plaintiff relies on businesses and other public places to have accessible facilities so that he can live his life independently. Plaintiff is a resident of Monterey, California.

7.     Defendants are and were the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

8.     Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

9.     Defendants have discriminated against Plaintiff because Del Monte Center' facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Del Monte Center.

10.    Del Monte Center and its facilities, including, but not limited to, its entrances/exits, parking, exterior and interior paths of travel are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. §

12181(7) and of California Civil Code §§ 51 *et seq*.

11.   On information and belief, Del Monte Center and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Del Monte Center' construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

12.   Plaintiff often visits the Mall to shop at the Whole Foods Market or go to the movies at the Cinemark Monterey 13 theatre.

13.   The Whole Foods Market at the Mall is the closest Whole Foods to Plaintiff's home. Plaintiff's most recent visits to this Whole Foods occurred on December 6, 2022; December 17, 2022; December 22, 2022; December 29, 2022; January 2, 2023; January 7, 2023; January 9, 2023; and January 22, 2023. Plaintiff had difficulties shopping at the Whole Foods during each of these visits because the Mall's parking lot serving the Whole Foods is inaccessible to wheelchair users, including Plaintiff. The designated accessible parking stalls and their access aisles are excessively sloped. As a result, Plaintiff struggled to stabilize his wheelchair when exiting his car because it could roll away and often required someone to help push him back into his car when returning to his car. When the designated accessible parking spaces were occupied, Plaintiff needed to park far from the entrance to the Whole Foods in an area where he could park his car in two parking stalls to accommodate his SUV's ramp and then push the extra distance behind parked cars and through an unmarked path of travel. As a result, Plaintiff was and is unable to safely shop at the Whole Foods at the Mall.

14.   On November 25, 2022, Plaintiff went to go see "The Menu" at Cinemark Monterey 13 theater. During this visit, Plaintiff could not find any designed accessible parking spaces near the theater and thus had to park by the Gold's Gym, also located at the Mall. The Gold's Gym, however, had no path of travel connecting the parking to the sidewalk and Plaintiff was forced to

1  travel behind parked cars. This exposed him to risk of behind struck by a vehicle. The parking at
2  Gold's Gym also had excessive slopes and Plaintiff could not safely stabilize his wheelchair; the
3  wheelchair would begin to roll without Plaintiff applying any force. On December 26, 2022,
4  Plaintiff returned to Cinemark Monterey 13 theater to see "The Whale." Plaintiff was looking
5  forward to seeing the movie but was concerned about encountering the same barriers to access
6  that he encountered during his November 25, 2022 visit. Plaintiff once again could not find any
7  accessible parking near the theater and thus had to park near the Gold's Gym. He then
8  encountered the same accessibility barriers that he encountered during his November 22, 2022
9  visit. Moreover, parking at the Cinemark Monterey 13 theater at the "accessible" stalls is also
10 inaccessible to Plaintiff. Had Plaintiff during his visits parked in the designed accessible parking
11 spaces serving the theater, Plaintiff would still be denied full and equal access because the
12 designated accessible parking spaces and their access aisles are excessively sloped, and the lack
13 of path of travel forces Plaintiff to travel behind the parked car placing his health and life in
14 danger.
15 15.   The Cinemark Monterey 13 theater is the closest large theater to Plaintiff's home.
16 Although there is a smaller theater close to Plaintiff's home, that theater is an independent
17 theater that has a different selection of movies.
18 16.   Plaintiff desires to continue to visit the Mall regularly and he will continue to be denied
19 full and equal access to the Mall so long as the Mall remains inaccessible to him. The
20 accessibility barriers at the Mall are significant enough that Plaintiff is deterred from going alone
21 to the Mall.
22 17.   Before suing, Plaintiff's accessibility expert did an informal investigation of Del Monte
23 Center. He confirmed the barriers encountered by Plaintiff and also determined that Del Monte
24 Center was inaccessible in multiple other ways, including, but not limited to, the barriers below,
25 all of which are related to Plaintiffs' disabilities:
26 **Path Of Travel Generally**
27   • No Van accessible EV parking provided

- No Path of travel from EV area to center
- Directional signage throughout the center is confusing if not available
- Bus stop bench does not provide 30x48 clear space at short side of bench
- No clear connection from bus stop area to second main floor
- Interior Ramps be Men's hardware (for example) do not provide proper slopes

**Parking Area Adjacent To Movie Theatre, Top Of Garage ( 8 Stalls)**

- Parking stalls has slopes over 2%
- Access aisles have slopes over 2%
- One must travel behind parked cars to reach a path of travel
- Signage is misleading by calling a not van accessible space as van accessible
- Parking is not at least 18 feet long

**Parking Top Of Garage Next To Gold's Gym (2 Stalls)**

- No path of travel connecting parking to sidewalk
- One must travel behind parked cars to cross to Gym
- Parking signs are not visible (placed too low and will be blocked by a parked car)
- Left parking has no ADA sign
- Parking is not at least 18 feet long

**Curb Cut next to Forever 21 (by parking garage area):**

- Flared sides over 10% slope
- No top landing

**Parking In Front Of Movie Theater (4 Stalls)**

- Parking is not at least 18 feet long
- ADA parking signs are placed too low in a path of travel
- Parking stalls have slopes over 2%
- Access aisles have slopes over 2%

**Parking In Front Of Forever 21 (1 Stall)**

- Parking is not at least 18 feet long

- No Parking stamp is faded
- Parking is striped as an access aisle
- Parking stalls has slope over 2%
- Access aisles have slopes over 2%
- Curb ramp by access aisle has flared side slope over 10%

**Parking by Whole Foods Market (3 stalls)**

- Parking is not at least 18 feet long
- Parking stalls has slope over 2%
- Access aisles have slopes over 2%
- ADA parking signs are placed too low in a path of travel
- Curb cut to whole foods does not provide smooth transition to asphalt

**Parking At Lower Garage Level**

- One must travel behind parked cars to reach a path of travel
- Parking stalls has slope over 2%
- Access aisles have slopes over 2%
- 274 parking stalls and only 2 ADA parking provided (should be 8)

**Parking By Rite Aid (2 Stalls)**

- Parking is not at least 18 feet long
- Curb ramp by parking has flared slope over 10%

**Parking By AT&T (3 Stalls)**

- Parking is not at least 18 feet long
- ADA parking signs are placed too low in a path of travel

**Parking by Chipotle Mexican Grill (4 stalls)**

- Parking is not at least 18 feet long
- Parking has a drain cover in it with openings over ½″
- Access aisle has a drain cover in it with openings over ½″
- Parking stalls has slope over 2%

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

7

- Access aisles have slopes over 2%

**Parking By Pizza Hot ( 6 Stalls)**

- Curb ramp by parking had flared slope over 10%
- Parking stalls have slopes over 2%
- Access aisles have slopes over 2%
- Parking is not at least 18 feet long

**Parking by Williams-Sonoma (3 stalls)**

- Parking is not at least 18 feet long
- Truncated domes placed inside access aisle

**Parking by P.F. Chang's (1 stall)**

- Parking is not at least 18 feet long

**Parking by LensCrafters (4 ADA stalls)**

- Parking stalls has slope over 2%
- Access aisles have slopes over 2%
- 283 stalls and only 4 ADA stalls provided

**Single Parking By Bus Stop Gate 2 (1 Stall)**

- Parking is not at least 18 feet long
- No path of travel connecting parking to sidewalk

**Parking By Macy's Lower Level (By Bus Stop) (4 Stalls)**

- 186 stalls and only 5 ADA stalls provided (4+1)
- Some designated accessible parking signage does not have the $250 fine sign

18. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

19. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly following the filing of

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
8

1  this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as
2  to subsequent events, according to proof.

3  20.  Defendants knew, or should have known, that these elements and policies rendered Del
4  Monte Center inaccessible, violate state and federal law, and interfere with or deny access to
5  individuals with similar mobility disabilities. Upon information and belief, Defendants have the
6  financial resources to remove these barriers and make Del Monte Center accessible to the
7  physically disabled. To date, however, Defendants refuse to remove those barriers or to provide
8  full and equal access to Del Monte Center.

9  21.  As a result of Defendants' actions and failures to act and failure to provide disabled
10 access, Plaintiff suffered a denial of his civil rights emotional discomfort, and denial of rights to
11 full and equal access to public accommodations, all to his general, special, and statutory
12 damages. On each such denial of access, Plaintiff has encountered barriers to full and equal
13 access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been
14 required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs,
15 under federal and state law.

16 22.  Plaintiff's goal in this suit is a positive one: to make the Mall fully accessible to persons
17 with similar mobility disabilities.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 et seq.]

23.  Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

24.  Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

25.  Plaintiff has reasonable grounds for believing he will be subjected to discrimination each

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
9

1  time he may attempt to access and use the subject facilities.

2  26.    The subject property and facility are among the "private entities," which are considered
3  "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

4  27.    The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights
5  under the ADA and the regulations promulgated under it.

6  28.    Plaintiff alleges on information and belief that Del Monte Center was designed and
7  constructed (or both) after January 26, 1993 -- independently triggering access requirements
8  under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or
9  both) the Del Monte Center in a manner that did not comply with federal and state disability
10 access standards even though it was practicable to do so.

11 29.    The removal of each of the barriers complained of by Plaintiff were at all times here
12 mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

13 30.    As noted throughout this Complaint, the removal of each of the architectural barriers
14 complained of here was also required under California law.

15 31.    Plaintiff alleges on information and belief that Del Monte Center was modified after
16 January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have
17 independently triggered requirements for the removal of barriers to access for disabled persons
18 per § 12183 of the ADA.

19 32.    Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:
20 (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing
21 to make reasonable modifications in policies, practices, or procedures when such modifications
22 are necessary to afford (and would not fundamentally alter the nature of) the goods, services,
23 facilities, privileges, advantages, or accommodations of Del Monte Center to individuals with
24 disabilities; (c) failing to remove architectural barriers that are structural in existing facilities
25 where such removal is readily achievable; and (d) where Defendants can demonstrate the
26 removal of architectural barriers is not readily achievable, failing to make the goods, services,
27 facilities, privileges, advantages, or accommodations of Del Monte Center available through

alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to Del Monte Center and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to safely enter and exit Del Monte Center (including park in the designated accessible parking stalls) is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at Del Monte Center on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

33.     Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

34.     Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

### SECOND CLAIM:
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
**[Cal. Civil Code §§ 51 et seq.]**

35.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the

allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

36. Del Monte Center is a business establishment within the meaning of the Unruh Act.

37. Defendants are the owner and/or operators of a business establishment.

38. Defendants violated the Unruh Act by their acts and omissions:

   a. Failure to construct or alter Del Monte Center in compliance with state building code and state architectural requirements;

   b. Failure to remove known barriers to access at Del Monte Center;

   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Del Monte Center; and

   d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

39. Plaintiff has experienced barriers to access at Del Monte Center, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

40. On information and belief, Del Monte Center is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

41. These barriers to access render Del Monte Center and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

42. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California

1 | law, including, but not limited to, Civil Code § 52(a).

2 | 43.     As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Del Monte Center. Defendants' discriminatory practices and policies that deny full enjoyment of Del Monte Center to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

44.     On information and belief, the access features of Del Monte Center have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

45.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:
### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE
**[Cal. Health and Safety Code §§19955 *et seq.*]**

46.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

47. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

48. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

49. On information and belief, portions of Del Monte Center and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Del Monte Center and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Del Monte Center to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

50. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Del Monte Center and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

51. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
14

1  and specifications described in the American Standards Association Specifications and/or those
2  contained in the California Building Code.

3  52.  Del Monte Center is a "public-accommodations or facilities" within the meaning of
4  Health & Safety Code §19955, *et seq.*

5  53.  As a result of the actions and failure to act of Defendants, and because of the failure to
6  provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full
7  and equal access to public facilities and suffered a loss of civil rights and rights as a person with
8  physical disabilities to full and equal access to public facilities.

9  WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

**[Cal. Civil Code §§ 54 *et seq.*]**

14  54.  Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
15  allegations contained in all paragraphs of this Complaint and incorporates them herein as if
16  separately repled.

17  55.  Del Monte Center is a place of public accommodation and/or places to which the public
18  is invited and, as such, they must comply with the provisions of the California Disabled Persons
19  Act ("CDPA"), California Civil Code § 54 *et seq.*

20  56.  The CDPA guarantees, among other things, that persons with disabilities have the same
21  right as the public to the full and free use of the streets, highways, sidewalks, walkways, public
22  buildings, public facilities, and other public places. California Civil Code § 54.

23  57.  The CDPA also guarantees, among other things, that persons with disabilities have a right
24  to full and equal access, as other members of the public, to accommodations, advantages,
25  facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

26  58.  The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,
27  California Civil Code § 54.1(d).

59. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at Del Monte Center to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Del Monte Center in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[1]

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at Del Monte Center;

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
16

      c.   To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Del Monte Center;

      d.   To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

      e.   To maintain such accessible facilities once they are provided;

      f.   To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Del Monte Center;

      g.   To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Del Monte Center.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: May 28, 2023                                           ALLACCESS LAW GROUP

                                                    _/s/ Irakli Karbelashvili_
                                                    By IRAKLI KARBELASHVILI, Esq.
                                                    Attorney for Plaintiff
                                                    JACKSON SHERRY

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: May 28, 2023                                           ALLACCESS LAW GROUP

                                                    _/s/ Irakli Karbelashvili_
                                                    By IRAKLI KARBELASHVILI, Esq.
                                                    Attorney for Plaintiff
                                                    JACKSON SHERRY